# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO ROBINSON,<br><br>                              Plaintiff,<br>vs.<br><br>HON. LARRY ALAN BURNS, Judge,<br><br>                             Defendant. | CASE NO. 07-CV-1380 – IEG (JMA)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; and (2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>[Doc. Nos. 1-2] |

On July 27, 2007, Faustino Robinson ("plaintiff") filed a complaint against the Honorable Larry Alan Burns ("defendant"). (Doc. No. 1.) Plaintiff also filed a motion to proceed *in forma pauperis* ("*IFP*").[1] (Doc. No. 2.)

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff seeking to proceed *IFP* must submit an affidavit showing that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a); Franklin v. Murphy, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). The court finds that Plaintiff's affidavit of assets is sufficient to

---

[1] On July 30, 2007, Judge Burns, who was initially assigned to this case, recused himself from the matter and this matter was randomly reassigned to the court. (Doc. No. 3)

1  show that he is unable to pay the fees or post securities required to maintain this action. See S.D. Cal.
2  Local R. 3.2(d). Plaintiff is currently unemployed, receives no income, owns no property, and has not
3  other no other assets. Accordingly, the court **GRANTS** plaintiff's Motion to Proceed *IFP* pursuant
4  to 28 U.S.C. § 1915(a).

5       A complaint filed by any person proceeding in *IFP* pursuant to 28 U.S.C. § 1915(a) is subject
6  to mandatory review by the court and sua sponte dismissal to the extent it is "frivolous, malicious,
7  failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant
8  immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir.
9  2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith,
10 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

11      Plaintiff's one paragraph complaint alleges that Judge Burns "sell [sic] [plaintiff's] lawsuit for
12 money." (See Complaint at 1.) Plaintiff seeks $5 million dollars for "a violation to [sic] his human
13 rights." The Ninth Circuit has unequivocally held that judges are absolutely immune from civil
14 liability for acts performed in their official capacity. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th
15 Cir.1986); Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir.1996) (holding that the judicial
16 immunity extends to section 1983 actions for declaratory and injunctive relief). In the instant case,
17 all of plaintiff's allegations concern Judge Burns's conduct in his judicial capacity, specifically
18 purported bribery in plaintiff's prior lawsuit over which Judge Burns presided. See Stump v.
19 Sparkman, 435 U.S. 349 (1978) (stating that a "judicial act" is one that is normally performed by a
20 judge or an action where the parties dealt with the judge in his judicial capacity); Pierson v. Ray, 386
21 U.S. 547, 553-54 (1967). As such, Judge Burns is shielded from liability from the claims of purported
22 misconduct in plaintiff's complaint. See In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) ("[A]bsolute
23 immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged
24 that such action was driven by malicious or corrupt motives."); cf. Moore, 96 F.3d at 1244 (stating
25 that even an alleged conspiracy between judge an a party to predetermine the outcome of a lawsuit
26 does not pierce judicial immunity). There are no facts suggesting judicial immunity does not apply

27
28     [2] In the Ninth Circuit, courts "grant[] or den[y] IFP status based on the plaintiff's financial resources alone and then independently determine[] whether to dismiss the complaint[.]" Franklin, 745 F.2d at 1226 n.5.

1  in this case on grounds that Judge Burns's actions were not judicial in nature or were taken in the
2  complete absence of jurisdiction. See Stump, 435 U.S. at 356-57, 360.  In sum, the complaint is
3  devoid of factual or legal allegations indicating a claim upon which relief may be granted and seeks
4  monetary relief from a defendant who is immune.
5      Furthermore, because of the absolute immunity afforded to judges in their official capacity,
6  the deficiencies in the complaint cannot be cured by amendment.  Accordingly, pursuant to 28 U.S.C.
7  § 1915(e)(2)(B), the Court **DISMISSES** this action with prejudice.

## CONCLUSION

9      For the foregoing reasons, the court hereby **GRANTS** plaintiff's motion to proceed *IFP* and
10  **DISMISSES** plaintiff's complaint with prejudice. (Doc. No. 1-2.)  The Clerk of Court is ordered to
11  terminate this matter.
12      **IT IS SO ORDERED.**

14  **DATED: August 20, 2007**

15  _____
    **IRMA E. GONZALEZ, Chief Judge**
16  **United States District Court**